IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN KLEINER and YURY KLEINER, w/h<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION;<br><br>RITE AID OF PENNSYLVANIA, INC.;<br><br>JOHNSON & JOHNSON;<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.;<br><br>IMERYS TALC AMERICA, INC. f/k/a LUZENAC AMERICA, INC.;<br><br>and<br><br>PERSONAL CARE PRODUCTS COUNCIL f/k/a COSMETIC, TOILETRY, AND FRAGRANCE ASSOCIATION<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**NOTICE OF REMOVAL OF DEFENDANTS JOHNSON & JOHNSON
AND JOHNSON & JOHNSON CONSUMER INC.**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc., (collectively, "the Johnson & Johnson Defendants" or "Removing Defendants") timely remove this action titled *Ellen Kleiner et al. v. Johnson & Johnson et al.* from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. This Court has original jurisdiction under

28 U.S.C. §§ 1332 and 1441 *et seq.* Complete diversity of citizenship exists between Plaintiffs and the Defendants, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

This case properly belongs in federal court and more specifically in the related multidistrict litigation pending in the District of New Jersey. However, in support of their forum-shopping strategy and efforts to avoid federal court, Plaintiffs acted in bad faith by waiting until the eve of trial to dismiss the non-diverse defendants (Rite Aid)—even though they have known since the beginning that they have no tangible evidence that Mrs. Kleiner bought the products at issue at any Rite Aid store, and that the Rite Aid stores were not proper defendants. In support of removal, the Johnson & Johnson Defendants further state as follows:

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

1.      On August 17, 2017, Plaintiffs Ellen Kleiner and Yury Kleiner ("Plaintiffs"), citizens of the Commonwealth of Pennsylvania, filed a Complaint in the Court of Common Pleas of Philadelphia County in the case captioned *Ellen Kleiner and Yury Kleiner v. Rite Aid Corporation et al.*, Case No. 170102505. *See* Ex. A; *see also* Complaint, which is attached as Exhibit B. The Complaint was preceded by a Writ of Summons, which was filed on January 18, 2017. *See* Writ of Summons, which is attached as part of Exhibit A. Plaintiffs have demanded a trial by jury.

2.      Plaintiffs allege that Mrs. Kleiner regularly dusted her perineal area with Johnson & Johnson Consumer Inc.'s Baby Powder and Shower to Shower products. These products contain talcum powder, which Plaintiffs claim proximately caused Mrs. Kleiner to develop ovarian cancer. Compl. ¶¶ 42-44.

3.      Plaintiffs originally named six defendants: Rite Aid Corporation; Rite Aid of Pennsylvania, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Imerys

Talc America, Inc.; and Personal Care Products Counsel.  Imerys Talc America, Inc. was dismissed by stipulation of the parties on February 4, 2019. *See* Stipulation for Voluntary Discontinuance as to Defendant Imerys Talc America, Inc. F/K/A Luzenac America, Inc. Only, which is attached as Exhibit C.  Personal Care Products Counsel was dismissed by stipulation of the parties on December 29 2017.  Stipulation of Dismissal of Defendant Personal Care Products Council with Prejudice, which is attached as Exhibit D.  Rite Aid Corporation and Rite Aid of Pennsylvania, Inc. were dismissed by stipulation of the parties on July 28, 2021—the night before jury selection was supposed to begin.  *See* Stipulation for Voluntary Discontinuance as to Defendants Rite Aid Corporation and Rite Aid of Pennsylvania, LLC Only, which is attaches as Exhibit E.  Thus, as of filing of this Notice, the only remaining defendants are the Johnson & Johnson Defendants.

4. On October 4, 2016, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL No. 2738, *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, before Chief Judge Freda L. Wolfson in the United States District Court for the District of New Jersey.  The Johnson & Johnson Defendants intend to seek the transfer of this action to that proceeding, and will shortly provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).**

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1441(a), (b)(2).

A.     **The Amount in Controversy Requirement Is Satisfied.**

6.     Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

7.     In the Complaint, Plaintiffs specifically request damages "in excess of $50,000.00" against the Johnson & Johnson Defendants on each of 11 different counts. *See* Compl. at unnumbered paragraphs at conclusion of Counts II, V, VIII, X, XI, XIII, XIV, XV, XVI, XVIII, and XIX,. Additionally, Plaintiffs include a request for punitive and treble damages on each of their 11 counts, which are included in the calculation of the amount in controversy. *See* Compl. at unnumbered paragraphs at conclusion of II, V, VIII, X, XI, XIII, XIV, XV, XVI, XVIII, and XIX.

8.     Furthermore, Plaintiffs are asserting a personal injury lawsuit—claims typically associated with significant damages. It is widely recognized that personal injury claims facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *Strauss v. Ghuman Truck Serv.*, No. 15-0900, 2015 WL 1822576, at *2-3 (E.D. Pa. Apr. 22, 2015) (finding amount-in-controversy requirement met based "[o]n the face of the instant Complaint" where the plaintiff "claimed serious injuries, medical expenses, and present and future wage loss that clearly indicate[d] that the amount in controversy is in excess of $75,000"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000").

9.     On the face of the Complaint, it is therefore plain that Plaintiffs seek in excess of $75,000, exclusive of interest and costs.

---

[1]     "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . ." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added).

**B.      There Is Complete Diversity of Citizenship Between Plaintiffs and the Remaining Defendants.**

10.     Plaintiffs filed this case in the Commonwealth of Pennsylvania and allege that they are resident citizens of the Commonwealth of Pennsylvania.  Compl. ¶¶ 1-2.

11.     Johnson & Johnson is a New Jersey corporation with its principal place of business in the State of New Jersey.  *Id.* ¶ 3.

12.     Johnson & Johnson Consumer Inc., f/k/a Johnson & Johnson Consumer Companies, Inc., is a New Jersey corporation with its principal place of business in the State of New Jersey.  *Id.* ¶ 4.

13.     Accordingly, as of the dismissal of Rite Aid Corporation and Rite Aid of Pennsylvania, Inc., there is complete diversity of citizenship between Plaintiffs and the Johnson & Johnson Defendants, and thus removal is proper.  28 U.S.C. §§ 1332(a), 1441(a).

**III.    THE JOHNSON & JOHNSON DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

14.     The Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania, *see* 28 U.S.C. § 118(a), and venue for this action is proper in this Court because the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

15.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents on file in the Court of Common Pleas of Philadelphia County is attached as Exhibit A. Moreover, with the filing of this Notice of Removal, the Johnson & Johnson Defendants are paying the prescribed filing fee, filing proof of filing the Notice with the Clerk of the State Court along with proof of service on all adverse parties, and complying with all local rules.

16.     Immediately following the filing of this Notice of Removal, written notice of its filing will be delivered to Plaintiffs' counsel, and the Johnson & Johnson Defendants will promptly

5

file a copy of this Notice with the Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d).

17. This Notice is timely pursuant to 28 U.S.C. §§ 1446(b)(3) and 1446(c)(1). Former defendants Rite Aid Corporation ("RAC") and Rite Aid of Pennsylvania, Inc. ("RAOP") (collectively, "the Rite Aid Former Defendants") are both citizens of Pennsylvania. Compl. ¶¶ 6-7. Thus, the courts had concluded that this initial pleading was not removable,[2] but the dismissal of these defendants on July 28, 2021 confirms there is complete diversity among the real parties to the controversy.

18. This Notice is also timely pursuant to 28 U.S.C. § 1446(c)(1) because, even though this Notice is being filed more than one year after commencement of the action, Plaintiffs acted in bad faith by continuing to assert unsupported allegations against the Rite Aid Former Defendants in order to prevent the Johnson & Johnson Defendants from removing the action.

19. While the "bad faith" exception of § 1446(c)(1) is relatively new, "[t]hose courts that have examined the new language agree that bad faith is evidenced by intentional conduct on behalf of the plaintiff which denies the defendant to remove the case to federal court." *Bolus v. IAT Ins. Grp.*, No. 19-1712, 2019 WL 3001628, at *3 (E.D. Pa. July 9, 2019). Whether a plaintiff acted in bad faith can be ascertained by circumstantial evidence. *In re: Asbestos Prods. Liab. Litig. (No. VI)*, No. 16-cv-02408, 2016 WL 4264193, at *2 (E.D. Pa. Aug. 11, 2016).

---

[2] The Johnson & Johnson Defendants have previously removed this case twice, arguing in the first instance that the Rite Aid Former Defendants were fraudulently joined. In both cases, this Court granted Plaintiffs' motion to remand back to state court. *See Kleiner v. Rite Aid Corp.*, 604 B.R. 1 (E.D. Pa. 2019); *Kleiner v. Rite Aid Corp.*, No. 17-3975, 2017 WL 4765329 (E.D. Pa. Oct. 20, 2017).

20. Plaintiffs acted in bad faith by failing to dismiss the Rite Aid Former Defendants until the day before jury selection despite knowing for years that their allegations against the Rite Aid Former Defendants were wholly unsupported.

21. In their Complaint, Plaintiffs alleged that Ms. Kleiner began purchasing the products in Rite Aid stores in approximately 1982 and continued to regularly purchase the products for approximately thirty-five years thereafter at the following stores: "9920 Bustleton Avenue, 11750 Bustleton Avenue, 6401 Oxford Avenue, 9280 Krewstown Road, and 8130 Roosevelt Boulevard, all in Philadelphia, as well as 1035 County Line Road, Huntingdon Valley, PA; and 800 Bustleton Pike and 1039 2nd Street Pike, both in Richboro, PA." Compl. ¶ 42. But the reality is that Plaintiffs have no actual evidence that Ms. Kleiner purchased the products from Rite Aid and therefore did not have information to support their claims.

22. In order to thwart Defendants' efforts to discover that evidence of these alleged purchases from Rite Aid stores, Plaintiffs resisted all attempts at discovery by the Rite Aid Former Defendants.

    a. The Rite Aid Former Defendants had to file two motions to compel before Plaintiffs would agree to provide any discovery regarding proof of purchase, including statements from credit cards that Mrs. Kleiner claims she used to purchase the products, the time frames in which Mrs. Kleiner allegedly purchased the products at each store, and the basis for Plaintiffs' allegations that the Rite Aid Former Defendants "knew or should have known" of the alleged risks with the products. *See* Defendant Rite Aid Pennsylvania, Inc.'s Motion to Compel and To Resolve Dispute Concerning Non-Party Subpoenas Prior to the Close of Fact Discovery on November 5, 2018, which is attached as Exhibit F;

Defendant Rite Aid of Pennsylvania, Inc.'s Renewed Motion to Compel and to Resolve Dispute Concerning Non-Party Subpoenas, which is attached as Exhibit G.

      b.      Plaintiffs also resisted being deposed, and actually forced Defendants to file a motion to compel Plaintiffs' depositions. *See* Motion to Compel Depositions of Plaintiffs Ellen and Yury Kleiner by Defendants Johnson & Johnson, Johnson & Johnson Consumer Inc., and Rite Aid of Pennsylvania, Inc., which is attached as Exhibit H.

23.      It is not surprising that Plaintiffs were hesitant to provide any discovery, because discovery confirmed that Plaintiffs had ***no actual evidence*** that Ms. Kleiner purchased products at their stores. For example:

      a.      Discovery confirmed that two of the stores where Ms. Kleiner alleges she bought the products from did not even exist as Rite Aid stores at the time she allegedly shopped at those stores. *See* RATRIAL00005-RATRIAL00021; RATRIAL00073-RATRIAL00074.

      b.      Ms. Kleiner's customer loyalty records from Rite Aid did not show evidence of ***any*** purchases of Johnson's Baby Powder or Shower to Shower at Rite Aid stores. *See* Defendants Rite Aid Corporation and Rite Aid of Pennsylvania, Inc.'s Motion for Summary Judgment ¶ 132, which is attached as Exhibit I.

      c.      The tangible evidence showed that Ms. Kleiner mostly shopped at other stores, including Target, Walmart, CVS, Superfresh, and Walgreen. *See id.*

      d.      Ms. Kleiner also verified that she filled her prescriptions at Rite Aid stores. But her prescription medication records confirmed that she did not fill her prescriptions at Rite Aid stores as she had verified. *See id.*[3]

24.    Knowing about this unfillable gap in their case versus the Rite Aid Former Defendants, Plaintiffs sat silently until the night before jury selection because they knew that the case would be removed if they acted earlier.

25.    Plaintiffs now attempt to excuse their belated dismissal of the Rite Aid Former Defendants on a purported desire to shorten the length of trial because of COVID-19. The evidence shows this is a sham.

      a.      First, the length of trial will not be significantly impacted by dismissal of the Rite Aid Former Defendants. The main issue at trial would be whether Plaintiffs can prove that perineal use of talcum powder products can cause ovarian cancer and that Ms. Kleiner's use of these products caused her ovarian cancer. This is an issue regardless of whether the Rite Aid Former Defendants are in the case.

      b.      Second, the August 2021 trial date was set by agreement of the parties and in consultation with the court in January 2021. The parties also agreed that the trial would last up to 25 trial days—or 5 weeks. At that time, vaccines were not widely available, the COVID-19 case numbers were much higher, the social distancing and other restrictions in place were much stronger generally and in the courts more specifically, and travel restrictions were still in place.

---

[3]     Plaintiffs have also known since the beginning that Rite Aid of Pennsylvania is a holding company that does not own or operate any stores and, therefore, was never a proper party to the case.

26. If the COVID-19 pandemic truly were the issue, Plaintiffs would have either raised it earlier, or would have sought to continue the trial date. But Plaintiffs did neither. Instead, they strategically waited until the eve of trial in hopes that doing so would thwart any attempt by the Johnson & Johnson Defendants to remove this case to federal court where it properly begins. This false pretense cannot mask Plaintiffs' bad faith attempt to avoid removal.

## IV. CONCLUSION

In sum, because there is diversity between Plaintiffs and Defendants, and the Notice was timely filed due to Plaintiffs' bad faith, removal of this case is proper. Accordingly, the Johnson & Johnson Defendants give notice that the civil action styled *Ellen Kleiner et al. v. Johnson & Johnson et al.* in the Court of Common Pleas of Philadelphia County, Cause No. 170102505, is hereby removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: July 29, 2021

Respectfully submitted,

 s/Chanda A. Miller
Chanda A. Miller (PA Id No. 206491)
Elizabeth M. Casey (PA Id. No. 325696)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: (215) 988-2700
Fax: (215) 988-2757
Chanda.miller@faegredrinker.com
Elizabeth.casey@faegredrinker.com

*Attorneys for Johnson & Johnson and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc.*

## CERTIFICATE OF SERVICE

I, Chanda A. Miller, hereby certify that on July 29, 2021, I filed a copy of the foregoing document via the Court's CM/ECF System, which sent a Notice of Filing Activity to all counsel of record. The document is available for viewing and downloading from that system. I also served a copy of the document via electronic mail upon the following:

Nancy J. Winkler, Esq.
Todd A. Schoenhaus, Esq.
EISENBERG, ROTHWEILER, WINKLER,
EISENBERG, & JECK, P.C.
1634 Spruce Street
Philadelphia, PA 19103
Tel: (215) 546-6636

*Attorneys for Plaintiffs*

                                                       s/Chanda A. Miller
                                                     Chanda A. Miller